THIS OPINION IS
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

LMS

Mailed:  May 11, 2009

Opposition No.   91181141
Cancellation No. 92048120

MySpace, Inc.

v.

Donnell Mitchell

Before Seeherman, Rogers and Taylor,
Administrative Trademark Judges.

By the Board:

This case now comes up on plaintiff's[1] second motion for discovery sanctions in the form of judgment in both the opposition and cancellation, filed February 11, 2009, and defendant's February 7, 2009 motion to compel plaintiff to respond to discovery he had served on October 10, 2008. With respect to defendant's motion to compel, defendant was informed in the Board's January 21, 2009 order that he could not conduct discovery because he had not made initial disclosures as required by the rules.  (Order, p.6). Accordingly, defendant's motion to compel is denied.

---

[1] MySpace, Inc. is opposer in the opposition and petitioner in the cancellation.  For ease of reference we will refer to MySpace, Inc. as plaintiff and Donnell Mitchell as defendant.

As grounds for its motion for sanctions, plaintiff states that defendant has failed to comply with the Board's January 21, 2009 order granting sanctions that required defendant to provide complete answers and produce documents responsive to outstanding discovery requests. Defendant has responded and contests the motion.

Board's January 21, 2009 Order

In the January 21, 2009 order, the Board denied plaintiff's request for entry of the sanction of judgment and afforded defendant a final opportunity to provide necessary responses to plaintiff's outstanding discovery requests. (Order, p. 6-7). The order compelled defendant, within twenty days, (i.e., by February 10, 2009) to:

(1)  provide complete responses to plaintiff's discovery requests, without objection, and to forward to plaintiff's counsel's offices, at defendant's cost, all produced documents;

(2)  for documents produced, to include a stipulation attesting to their authenticity and agreeing to introduction by plaintiff at trial by notice of reliance; and

(3)  If no further responsive documents were found, defendant was to certify that he had conducted a complete and thorough search of all his records and that there were no further documents to be produced.

The Board also stated that "Defendant is advised that he is estopped from submitting at trial, and relying on as evidence at trial, any information or documents subject to a

discovery request which have not been produced in the manner directed by this order." (Order, p. 8); and that "should [defendant] not comply with the present order of the Board, as well as the August 13, 2008 order, and if plaintiff brings another motion for sanctions, the Board will likely enter the sanction of judgment against defendant." (Order, p. 10). The Board also stated, at page 11 of its order: "Defendant shall not continue his behavior of making ad hominem attacks on opposing counsel and Board personnel; and there shall be no use of opposing counsel's home or family addresses in discovery responses or in any filings. If defendant fails to comply with his duty to cooperate or fails to refrain from personal attacks, upon motion by plaintiff, the Board will grant sanctions in the form of judgment: the subject application will be abandoned and the petition to cancel defendant's registration will be granted." (Order p. 11).

## Plaintiff's Second Motion for Sanctions

As grounds for the present motion, plaintiff states that defendant has failed to comply with the Board's January 21, 2009 order, in that his responses were due by February

10, 2009, and as of the filing date of the motion, February 11, 2009, none was received.  (Bruso dec. ¶ 5).[2]

On February 13, 2009, defendant filed his own motion for sanctions "against [plaintiff's counsel] for Unethical Behavior."  In addition to making various personal allegations against plaintiff's counsel, something defendant was warned against in the January 21, 2009 order, defendant argues that he had sent documents to plaintiff's counsel on either October 4, 7, or 10th, 2008, and again on February 9 and 12, 2009.  However, from our review of the file, the documents sent on February 9 and 12 were not documents produced pursuant to the Board's January 21, 2009 order, but rather defendant's own discovery requests.[3]  Further, defendant makes in his motion and again in his reply on his

---

[2] When the Board orders discovery responses to be provided by a particular date, that means they must be served (*i.e.*, put into the mail) by the responding party by that date.  Since timely served discovery responses might not arrive until after the deadline, the receiving party typically should wait a reasonable period of time beyond the required date of service before making any motion alleging a failure to serve.  In this case, however, the subsequent briefs filed by the parties make clear that plaintiff's motion for sanctions was not premature.

[3] At paragraph 3 of defendant's motion for sanctions, he states: "Defendant is requesting the honorable TTAB board to allow our updated interrogatories, request for documents, and requests for admissions to arrive by U.S. mail without penalty.  [Plaintiff's counsel] claims he did not receive our documents when we have proof they arrived at his listed home address and office October 7[th] 2008."  Defendant has attached to each of his current filings, namely, his motion to compel, his motion for sanctions and his response to plaintiff's motion for sanctions, copies of the interrogatories he improperly served on plaintiff.  There are no copies of documents served on plaintiff's counsel responsive to the Board's January order.

motion personal attacks on plaintiff's counsel, in direct violation of the Board's order.

Decision

The record establishes that defendant has engaged in a course of delay by failing to make initial disclosures and by failing to properly respond to discovery for well over two years, and that defendant has disregarded the Board's orders to provide the required discovery. Further, the filing of a motion to compel and then a motion for sanctions against plaintiff, infused with personal attacks,[4] are all in direct violation of the Board's January order. The Board had warned in the January order, when granting a lesser sanction than the sanction of judgment that had been requested by plaintiff, that the Board would enter judgment if defendant failed to comply with that order. In the motions currently before us, defendant's only response to plaintiff's renewed request for the sanction of judgment is a statement that he had complied or tried to comply with the Board's order. However, that response is belied by the fact that the only thing defendant has done is to re-send his own discovery requests and to continue personal attacks on plaintiff's counsel. In view of our previous warning that we would enter judgment unless he complied with our order

---

[4] As defendant was advised in the Board's January 21, 2009 order, "parties before the Board are required to conduct their business with decorum and courtesy." Trademark Rule 2.192.

Opposition No. 91181141; Cancellation No. 92048120

and his continued blatant non-compliance, the sanction of entry of judgment is now warranted.

Inasmuch as it appears that defendant has not responded to the discovery requests and has otherwise failed to comply with other conditions set forth in the Board's January 21, 2009 order, the motion for entry of judgment against defendant as a sanction is hereby granted.

Accordingly, judgment is hereby entered against defendant, Opposition No. 91181141 is sustained and the petition to cancel defendant's Registration No. 3284330, the subject of Cancellation No. 92048120, is hereby granted. Registration No. 3284330 will be cancelled in due course. See Trademark Rule 2.120(g) and Fed. R. Civ. P. 37(b)(2)(C).